William S. WILKS, et ux, Appellants,

v.

Danny HARRIS, et us, et al, Appellees.

No. 10–86–113–CV.

Court of Appeals of Texas,
Waco.

Feb. 26, 1987.

Jimmy R. Hinds, Arlington, for appellants.

Terry W. Bradley, Cleburne, for appellees.

HALL, Justice.

Although this suit was brought in the nature and form of an action in trespass to try title for land, it is in fact a boundary suit filed by appellants William S. Wilks and wife, Barbara Wilks, against appellees Danny Harris and wife, Rosie Harris, and Ricardo Vasquez. The Wilkses pleaded for a judgment declaring that the boundary line dividing their property from the Harris and Vasquez properties is the south right-of-way line of County Road Number 313 in Johnson County, and that this line was the south boundary line of the Wilks tract and the north boundary line of the Harris and Vasquez tracts. This would place the County Road right-of-way within and along the south boundary of the Wilkses' tract. Trial to the court without a jury resulted in a judgment that the south boundary line of the Wilks tract is the north line of County Road Number 313, and that the north boundary line of the Harris and Vasquez tracts is the south line of County Road Number 313, placing the County Road right-of-way outside all three tracts. The Wilkses brought this appeal. We reverse the judgment, and we remand the case for trial.

Using metes and bounds descriptions of the three tracts involved, the Wilkses set

up these facts in their petition: The Wilkses own a tract of 20.56 acres with a south boundary of 1200 feet. The Harris tract and the Vasquez tract adjoin the Wilks tract for several hundred feet along the east end of the south boundary of the Wilks tract. The south boundary of the Wilks tract extends several hundred feet west of the Harris and Vasquez tracts. The Vasquez property adjoins the east side of the Harris tract, and its north boundary extends a short distance beyond the east end of the Wilks tract. The Wilkses pleaded that their south boundary line and the north boundary line of the Harris and Vasquez tracts was the same line, and that it was the south right-of-way line of County Road Number 313, bearing north 60° east along the south boundary line of the Wilkses' property. They alleged that County Road Number 313 was fifty feet wide, and that 1.37 acres of their 20.56 acres were in the County Road. Vasquez admitted in his counterclaim that his north boundary line bore north 60° east and that it was the south right-of-way line of County Road Number 313, just as alleged by the Wilkses. Harris agreed in his counterclaim that his north boundary line bore north 60° east, but he alleged that this north boundary line was the center line of County Road Number 313 and that one-half the width of the road was 31.85 feet. Thus, the pleadings of the Wilkses and Vasquez established without dispute that the boundary line between their tracts is the south right-of-way line of County Road Number 313, and that the only dispute that could rest between these parties is the actual location of that line. It is sufficient to say that the evidence supported the pleadings in showing this single dispute. On the other hand, the pleadings of the Wilkses and the Harrises raised as disputes (1) whether the boundary line between their tracts is the south right-of-way line of County Road Number 313 or the center line of the road, and (2) the actual location of that line. It is also sufficient to say in this instance that the evidence supported the pleadings in showing that these are the only issues between the Wilkses and the Harrises.

The evidence also established that the public's right of use of County Road Number 313 is an easement established by prescription over a long period of public use, without change in location of the road for at least 31 years. There was also evidence that the Wilkses had attempted or at least intended to interfere with the ingress and egress onto and from the County Road by the Harrises and Vasquez where the Harris and Vasquez tracts bordered the road, but there was no pleading for injunctive relief against this.

Upon these pleadings and proof, the trial court found that "as between the parties" their boundaries along the County Road were as pleaded by them, that is, the Wilkses' boundary was the south right-of-way line of the road and Vasquez's boundary was the south right-of-way line of the road, and the Harrises' boundary was along the center line of the road. The court then found "[t]here is a disagreement as to the south boundary line of the Wilks property and the north boundary line of the Harris and Vasquez property, and the south boundary line of the Wilks property should be the north boundary line of County Road Number 313 and the north boundary line of the Harris and Vasquez property should be the south boundary line of County Road Number 313." The court then adjudged that the south boundary line of all of the Wilkses' property "which abuts County Road Number 313" was declared to be the north line of County Road Number 313; that the north boundary line of the Harrises' property was declared to be the south line of County Road Number 313; and that the north boundary line of Vasquez's property was declared to be the south line of County Road Number 313. The Wilkses attack this judgment in four points of error asserting that the judgment is outside the pleadings and the evidence, that the judgment attempts to settle the boundary of property to the west of these parties that is not in dispute, and that the judgment effects a taking of the Wilkses' property for public use as a roadway without just compensation in violation of the federal and

state constitutions. We sustain these points of error.

As we have said, the evidence is undisputed that the public's right of use of County Road Number 313 was established by prescription, and not by conveyance of fee title to the land on which the road is located. The owner of the fee of the land upon which this road is located retains his exclusive rights in the soil for every purpose that is not inconsistent with the public easement, and rights of full enjoyment in the event of abandonment of public use. 43 Tex.Jur.3d 182, Highways and Streets § 117. There were no pleadings and no evidence that the Wilkses' south boundary line was the north right-of-way line of the County Road. Finally, the only boundaries raised in the pleadings for decision were the boundaries between the Wilkses and the Harrises and the Wilkses and Vasquez, and not the Wilkses' boundary farther west.

The parties were entitled to a judgment based upon the pleadings and evidence that fixed the boundary of their adjoining tracts that could be located on the ground without further controversy. *Brown v. Eubank*, 378 S.W.2d 707, 713 (Tex.Civ.App.—Tyler 1964, writ ref'd n.r.e.); 56 Tex.Jur.2d 289, Trespass to Try Title § 136.

The judgment is reversed, and this case is remanded for trial.